UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY D. WADE (#305401)                                         CIVIL ACTION

VERSUS

WARDEN N. BURL CAIN, ET AL.                                    NO. 15-737-JWD-SCR

ORDER

This matter comes before the Court on Plaintiff's motion for issuance of temporary restraining order[1] against Defendants Chad Oubre, Jimmy Smith and Major Slater. (Doc. 7.)

The *pro se* plaintiff, an inmate confined to the Louisiana State Penitentiary, Angola Louisiana, brought this action on November 3, 2015, pursuant to 42 U.S.C. Section 1983 against Warden Burl Cain, Chad Oubre, Jimmy Smith, Major Slater, David Ankenbrand, Jane Doe, E.M.T. Leslie Bordelon and E.M.T. Cleveland Cashio. (Doc. 1.) In his complaint, he alleges that E.M.T. Leslie Bordelon and the mental health director "failed to move David Ankenbrand from around me after I reported him sexually assaulting me" on various dates. (*Id.*). He claims that David Ankenbrand and Chad Oubre "falsified documents on me and retaliated against me for filing my complaint against David Ankenbrand." (*Id.*) He further claims that Maj. Slater "has violated my due process (*sic*.) by holding D.B. court and finding me guilty without my presence." (*Id.*) In addition, he claims that certain other due process rights were violated in connection with the filing of his claim and that the two E.M.T. defendants "denied me medical treatment on several occasions when I was having problems from being sprayed down with the chemical agent Sabre Red." (*Id.*) Finally, he claims that "these people have been tampering with

---
[1] The pleading is styled "T.R.O./P.I.."

my mail, outgoing and incoming mail as well." (*Id.*) He asks for compensatory and punitive damages and injunctive relief. (*Id.*)

Now, before an appearance has been made by the defendants, Plaintiff seeks a temporary restraining order to issue on the following basis: "I was threaten (*sic.*) by Chad Oubre when I enter (*sic.*) this Camp-J at approximately 5:30 PM on 11 – 16 – 15. I feel as my life will be in danger as long as I'm around Chad Oubre, Jimmy Smith and Major Slater." (Doc. 7.) He asks that a "T.R.O be placed on these three defendants until this lawsuit is resolved or move me to a safer area. If anything happens to me while I'm around these defendants, I shall like criminal charges brought to them immediately." (*Id.*)

Plaintiff is not entitled to the relief requested. In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party he seeks to enjoin and (4) granting the injunction will not disserve the public interest." *Lake Charles Diesel Inc. v. General Motors Corp.,* 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *(Id.)*

On the record before the Court, it does not appear that Plaintiff is entitled to the relief requested. His allegation is conclusory. He does not specify the nature of the threat made or the circumstances under which it was made. Furthermore, it involves only one of the three defendants whose conduct he seeks to enjoin. Based on the record before it, the Court cannot conclude that a substantial threat exists that he will suffer irreparable harm if the injunction is not granted, that the threatened injury outweighs the threatened harm to the party he seeks to enjoin

and whether granting the injunction will or will not disserve the public interest. Finally, it does not appear that there is a substantial likelihood, on the record before it, that the Plaintiff will prevail on the merits.

The Court notes that these three defendants should surely be aware of the ramifications of retaliating against a prisoner for exercising his constitutional right to pursue this litigation. Indeed, the present case involves such a claim. If, in the unlikely event these defendants are not aware of these ramifications, the Court is confident that counsel for these defendants will make it clear to them.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a temporary restraining order (Doc.7) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on November 23, 2015.

JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA