## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TROY D. WADE (#305401)**                                      **CIVIL ACTION**

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                       **NO. 15-0737-JWD-EWD**

<u>**NOTICE**</u>

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on August 24, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TROY D. WADE (#305401)**                                      CIVIL ACTION

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                          NO. 15-0737-JWD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Motions for Summary Judgment (R. Docs. 34 and 45) and the Motion for Partial Summary Judgment of defendants Leslie Dupont, Jimmy Smith and Chad Oubre (R. Doc. 37).

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Warden Burl Cain,[1] Dpty Warden Leslie Dupont, Col. Chad Oubre, Ass't Warden Jimmy Smith, Major Slater, social worker David Ankenbrand, Mental Health Director "Jane Doe,"[2] E.M.T. M. Bordelon and E.M.T. Cleveland Cashio.[3]   Plaintiff complains that defendant Bordelon and the LSP Mental Health Director "failed to

---

[1]     Defendant Burl Cain was dismissed from this proceeding by the Court on December 4, 2015.   Specifically, Plaintiff filed Amended Complaints on December 2 and 3, 2015, respectively (R. Docs. 10 and 11), both of which omitted Warden Burl Cain as a defendant therein and included no factual allegations as to Warden Cain.   Thus, the Court concluded that Plaintiff had voluntarily dismissed his claims asserted against Warden Cain.   Generally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).   Accordingly, inasmuch as Plaintiff's Amended Complaints in this case did not incorporate his earlier pleading, the Court interpreted the amended pleadings –which omitted Burl Cain – as terminating Warden Cain as a defendant in this proceeding.

[2]     Inasmuch as Plaintiff has taken no action to identify and serve the unidentified Mental Health Director, the Court does not consider this defendant to be properly before the Court.

[3]     Attempts by the United States Marshal's Office to serve defendants Major Slater, David Ankenbrand, E.M.T. M. Bordelon and E.M.T. Cleveland Cashio have proven unsuccessful.

move David Ankenbrand from around me after I reported him sexually assaulting me" on several dates

in May and June, 2015.   Plaintiff claims that defendants Ankenbrand and Oubre thereafter "falsified

documents on me and retaliated against me for filing my complaint against David Ankenbrand."   As

a result, defendant Oubre allegedly utilized excessive force against Plaintiff on June 30, 2015 by

subjecting Plaintiff to an application of chemical agent.   Plaintiff further alleges that defendant Slater

"violated my due process by holding D.B. court and finding me guilty without my presence."   In

addition, Plaintiff alleges that certain other due process rights have been violated, including the

---

Specifically, service of process was refused for defendants Slater, Ankenbrand and Cleveland because these defendants (1) could not be identified without a first name (Major Slater), (2) were unknown at LSP (Cleveland Cashio) or (3) were retired and no longer employed by the State of Louisiana (David Ankenbrand).  *See* R. Doc. 29.  In addition, whereas service of process was *initially* noted to have been accepted on behalf of defendant M. Bordelon at the offices of the Louisiana Department of Public Safety and Corrections, *see* R. Doc. 28 at p. 10, the record was thereafter clarified to reflect that service had been refused as to that defendant because he was "unknown @ DOC."  *See* R. Doc. 32.

Pursuant to former Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff, without good cause, to serve a defendant within 120 days of commencement of an action is justification for dismissal of that defendant from the proceeding.  Although a *pro se* inmate plaintiff is entitled to rely upon service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge."  *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987).

Plaintiff was notified that service had not been effected as to the referenced defendants, through receipt of the Marshal's Returns of Service filed in the record on January 11 and 22, 2016. *See* R. Docs. 29 and 32.  In addition, Plaintiff received further notification that these defendants had not apparently been served in February 2016 through receipt of both the Clerk's denial of his request for entry of default, *see* R. Doc. 36 (setting forth that service was "unexecuted as to defendants David Ankenbrand, Cleveland Cashio and Unknown Slater" and that the "status of service as to M. Bordelon [was] unclear") and Defendants' Motion for Partial Summary Judgment, *see* R. Doc. 34 n. 2 (where it was noted that the four referenced defendants had not been served). Since then, Plaintiff has failed to take any action to determine the last known addresses of the unserved defendants or to request that they be served.  Whereas Plaintiff included with his original Complaint a proposed draft "Order" that requested the filing of defendant Ankenbrand's last known address, the Court does not view that initial filing, which was not filed in the form of a motion and was never acted upon by the Court, as a reasonable effort to obtain service upon defendant Ankenbrand, particularly after Plaintiff was subsequently advised that service had not been effected.  It is appropriate, therefore, that Plaintiff's claims asserted against defendants Major Slater, E.M.T. Cleveland Cashio, E.M.T. M. Bordelon and David Ankenbrand be dismissed, without prejudice, for failure of Plaintiff to timely effect service upon them.

withholding of visitation privileges based upon an alleged invalid policy, the alleged denial of outdoor exercise privileges by defendant Smith, the alleged interference with his administrative claims, the alleged withholding of medical attention "on several occasion" by the two E.M.T. defendants, and the alleged "tampering with my mail, outgoing and incoming."   Plaintiff prays for compensatory and punitive damages and injunctive relief.

Plaintiff moves for summary judgment relying upon the pleadings, a Statement of Disputed Facts, a copy of a form dated January 11, 2016 (indicating that a book Plaintiff had ordered was being reviewed before delivery to Plaintiff), copies of six (6) Offender's Request for Legal/Indigent Mail forms, dated June 9, August 26, August 31, September 16, November 5 and November 18, 2015, copies of six (6) Offender Funds Withdrawal Request forms bearing the same dates, a copy of a Memorandum dated June 4, 2015 addressed to Plaintiff from LSP Legal Programs Director Trish Foster re: the suspension of Plaintiff's visitation privileges between May 27 and November 24, 2015, a copy of a disciplinary report dated June 22, 2015 written by Lt. Cameron Miller, charging Plaintiff with "Theft" and "General Prohibited Behaviors," a copy of a disciplinary report dated June 30, 2015 written by defendant Chad Oubre, charging Plaintiff with "Disobedience" and "Aggravated Defiance," a copy of a disciplinary report dated June 30, 2015 written by defendant David Ankenbrand, charging Plaintiff with "Defiance," a copy of Plaintiff's Request for Administrative Remedy dated September 15, 2015, and a "Declaration" written by Plaintiff "under penalty of perjury."

The moving defendants move for partial summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of Plaintiff's pertinent administrative remedy proceedings, and the affidavits of Libby Roblin, Cameron Miller and defendant Chad Oubre. Defendants contend in their motion that Plaintiff has failed to exhaust administrative remedies as to certain of the claims asserted herein.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Initially, the moving defendants seek dismissal of Plaintiff's claim asserted against them in their official capacity.[4]   In this regard, Defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.   *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.   *Id.* at 25.   Accordingly, Plaintiff's claim asserted against Defendants in their official capacities for monetary damages is subject to dismissal.   In contrast, Plaintiff's claim for monetary damages asserted against Defendants in their individual capacities remains viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state.   *Id.* at 29.   In addition, a claim for injunctive relief asserted against state officials in their official capacities is not barred by the Eleventh Amendment because such a claim is also not seen to be a claim asserted against the state.   *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 Am. Jur. 2d *Civil Rights* § 101.

Turning to Plaintiff's claims that are not barred by the Eleventh Amendment, the moving defendants contend, as noted above, that Plaintiff has failed to exhaust administrative remedies relative to the claims asserted herein.   In this regard, pursuant to 42 U.S.C. § 1997e, Plaintiff was

---

4       Whereas Plaintiff's Complaint, as amended, is unclear as to whether he is suing Defendants in their individual or their official capacities, the Court liberally interprets Plaintiff's Complaint as naming Defendants in both capacities.   *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (instructing that the pleadings of *pro se* plaintiffs should be interpreted liberally).

required to exhaust administrative remedies available to him at the prison prior to commencing a civil action or pursuing a claim in this Court with respect to prison conditions.   This provision is mandatory and applies broadly to "all inmate suits about prison life."   *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.   *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).   Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.   *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).   One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"   *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525.   Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.   *Id*.

Upon a review of the administrative grievances that Plaintiff submitted to prison officials relative to the claims asserted in this proceeding, the Court concludes, reluctantly, that Defendants' motion should be denied.   Specifically, as discussed below, pursuant to the clear and express provisions of the Louisiana Administrative Remedy Procedure, set forth at Title 22, Part I, § 325 of the Louisiana Administrative Code, it appears that Plaintiff has technically exhausted his claims through the administrative process.

A review of Plaintiff's pertinent administrative remedy proceedings reflects that Plaintiff submitted six administrative grievances ("ARPs") in connection with the claims asserted in this proceeding.   In the first such grievance, dated May 28, 2015 (ARP No. LSP-2015-1401), Plaintiff complained that defendant Ankenbrand had "reached through the bars and grabbed [Plaintiff's]

penis" on that date.   *See* R. Doc. 62-1 at p. 4.    It appears from the record that that grievance was

voluntarily withdrawn by Plaintiff, pursuant to a form apparently signed by him on June 26, 2015.

*See id*. at p. 5.5    As a result, that grievance was never completed through the administrative

process.

Plaintiff's second grievance was submitted on June 10, 2015 (ARP No. LSP-2015-1580)

and asserted a complaint that defendant Ankenbrand had spat on Plaintiff on that date and that

prison officials were failing to protect Plaintiff from defendant Ankenbrand's wrongdoing.   *See*

R. Doc. 62-2 at p. 5.    That grievance was also voluntarily withdrawn, pursuant to a letter request

made by Plaintiff on July 30, 2015.   *See id*. at p. 4.

Plaintiff's third grievance was dated June 30, 2015 (ARP No. LSP-2015-1775) and

included multiple claims, most of which are asserted in this lawsuit.   *See* R. Doc. 62-3 at p. 5.

Specifically, Plaintiff complained therein that defendant Ankenbrand had subjected Plaintiff to

sexual assault and harassment on May 28, June 22 and June 24, 2015 and that nothing had been

done despite Plaintiff's complaints about that conduct.    Instead, on June 30, 2015 defendant Chad

Oubre had come to Plaintiff's cell (along with other officers not named as defendants herein),

ordered Plaintiff to strip naked, and sprayed Plaintiff with a chemical irritant.    Plaintiff asserted

that this had been done in retaliation for his complaints regarding defendant Ankenbrand.   In

addition, Plaintiff asserted that prison officials, including defendant Leslie Dupont, were

continuing to allow defendant Ankenbrand to work in Plaintiff's vicinity and were thereby failing

to protect Plaintiff from harm.    Finally, Plaintiff complained that prison officials were denying

him outdoor exercise as an additional form of retaliation.    It appears that this grievance was

---

5       Whereas Plaintiff suggests that the referenced withdrawal may have been forged, a
comparison between Plaintiff's signature on the withdrawal form and on other documents suggests
that it was Plaintiff who signed the withdrawal.

placed on administrative backlog because Plaintiff had other previously-filed grievances pending in the administrative system.    Notwithstanding, the record reflects that Plaintiff thereafter executed a form on August 28, 2015, again voluntarily withdrawing the referenced grievance. *See id*. at p. 8.

Finally, Plaintiff submitted three more grievances, on July 13, July 28 and August 9, 2015, respectively (ARPs Nos. LSP-2015-2017, LSP-2015-2102 and LSP-2015-2208).    *See* R. Docs. 62-4, 62-5 and 62-6.    In each of these grievances, Plaintiff asserted the same litany of complaints that he had included in the above-referenced third grievance, and he also included claims that defendant Leslie Dupont was failing to videotape incidents occurring on the cell tier, that defendant Jimmy Smith was responsible for the referenced denial of outdoor exercise, that Plaintiff had been denied visitation pursuant to an alleged wrongful policy at LSP, that defendant Slater had denied Plaintiff due process by conducting disciplinary proceedings outside of Plaintiff's presence, and that Plaintiff's mail was being tampered with.    Each of these three grievances was "rejected" without substantive consideration upon initial screening by prison officials.    The reason for the rejection in each instance was stated to be that Plaintiff was asserting a grievance about matters that Plaintiff had previously complained of, *i.e.,* in the referenced prior grievances.

Based on the foregoing recitation and based upon an interpretation of the clear terms of the codified Louisiana Administrative Remedy Procedure, the Court has no alternative but to find that Plaintiff has technically exhausted his administrative remedies relative to the claims asserted in the referenced grievances.    Specifically, although Plaintiff's first three grievances were apparently voluntarily withdrawn by him and although his subsequent three grievances were rejected without substantive consideration, the explicit language of codified Procedure leads clearly to this conclusion.    In this regard, Subsection I of the codified Procedure provides, in

pertinent part:

> The ARP screening officer shall screen all requests prior to assignment to the first step….
> The ARP screening officer shall furnish the offender with notice of the initial acceptance
> or rejection of the request to advise that his request is being processed or has been
> rejected….   If a request is rejected, it must be for one of the following reasons, which
> shall be noted on the request for administrative remedy or on the offender's written letter.
>
> > (a). This matter is not appealable through this process ….
> >
> > (b). There are specialized administrative remedy procedures in place for this
> > specific type of complaint ….
> >
> > (c). It is a duplicate request….

*See* La. Admin. Code Tit. 22, PT. I, § 325(I).    Further, Subsection F of The Louisiana

Administrative Remedy Procedure further provides, in pertinent part:

> Prior to filing a grievance in federal or state court, unless specifically excepted by law, the
> offender must exhaust all administrative remedies.   ***Exhaustion occurs***:
>
> > (a). when the relief requested has been granted;
> >
> > (b) when the second step response has been issued; or
> >
> > (c) ***when the grievance has been screened and rejected for one of the reasons
> > specified in Subsection I, Grievance Screening***.

*See* La. Admin. Code Tit. 22, PT. I, § 325(F)(3)(a)(viii)(c) (emphasis added).    Based on a plain

reading of the foregoing, exhaustion for purposes of filing suit in federal court occurs under

multiple circumstances, and pursuant to § 325(F)(3)(a)(viii)(c) above, one of those circumstances

is when a grievance has been rejected for one of the reasons specified in § 325(I), including as here

when it has been rejected as a "duplicate request."

Several courts have applied the above provisions to find that a plaintiff's claims were

exhausted upon rejection during the initial screening process.    In *Anderson v. Wilkinson*, 2014

WL 992078 (W.D. La. Mar. 13, 2014), the defendants filed a Motion for Summary Judgment

asserting that the inmate plaintiff had failed to exhaust his administrative remedies as required by

42 U.S.C. § 1997e because his grievance had been rejected during initial screening.   Relying upon § 325(F), the Court concluded that, upon rejection of the plaintiff's grievance by the screening officer for a reason specified in § 325(I), the grievance was "exhausted" pursuant to the clear language of the codified ARP Procedure, and the Court denied the defendants' Motion for Summary Judgment.   This reasoning has also been followed by a Court in this District in *Deal v. Dept. of Corrections*, 2016 WL 4211892, *3 (M.D. La. Aug. 9, 2016).   In *Deal*, the inmate plaintiff's two administrative grievances had been rejected during initial screening for reasons specified in § 325(I), the first for complaining of multiple incidents and the second for being untimely.   In concluding that Plaintiff had exhausted his administrative remedies, the Court stated:

> The cited reasons for the rejection of the two ARPs … are reasons authorized by subsection I of § 325.   And as stated *supra*, exhaustion occurs when an ARP grievance has been screened and rejected for a reason authorized in subsection I….   Thus, [Plaintiff's two Arps] … were exhausted before Plaintiff filed this action ….

*Id.* at *3.   *See also Edward Simmons v. Secretary James LeBlanc, et al.*, Civil Action No. 14-0664-BAJ-RLB (M.D. La.).   In *Simmons*, as here, certain of the inmate plaintiff's grievances had been rejected during the initial screening process.   After considering Defendants' arguments regarding the interpretation of the codified Louisiana Administrative Remedy Procedure, the Court concluded that, to the extent that Defendants' sought dismissal of Plaintiff's claims for failure to exhaust administrative remedies, their motion for summary judgment should be denied. Specifically, the Magistrate Judge in *Simmons* stated:

> Simply put, the Code provides that "exhaustion occurs" under three circumstances. Given defendants' acknowledgment that one of those circumstances is present here, based on a plain reading of the aforementioned administrative provisions, the Court concludes that the defendants are not entitled to summary judgment on the grounds that the plaintiff failed to exhaust his administrative remedies.

*See id.* at R. Doc. 59 p. 8.

Based on the foregoing, the Court finds that Defendants' Motion for Partial Summary Judgment in the instant case should be denied.[6]   Specifically, Plaintiff in this case submitted several detailed grievances to prison officials wherein he asserted the claims that are raised in this proceeding, and three of those grievances were "rejected" during the initial screening process as duplicate grievances.   Pursuant to the explicit terms of § 325(F), these rejections effectively caused Plaintiff's grievances to be administratively exhausted.   While this result may not have been intended by state officials in promulgating the codified Louisiana Administrative Remedy Procedure, the Court cannot circumvent the clear language thereof.   Accordingly, the Court has no alternative but to find that Plaintiff in this case has exhausted his administrative remedies as required by 42 U.S.C. § 1997e, at least with regard to the claims that are adequately asserted in the referenced grievances.

Turning to Plaintiff's motions for summary judgment, the Court finds that these motions should also be denied.   Specifically, in presenting a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the moving party always bears the initial burden of showing the absence of a genuine issue of material fact.   *See Celotex Corp. v. Catrett, supra,* 477 U.S. at 323.   This is done by informing the Court of the basis for the motion and identifying the competent summary judgment evidence that shows that there is no genuine issue of material fact.   *Id.* at 323.   The nonmoving party is not required to respond to the motion until the movant has made the required showing in support thereof.   *Id.*   It is only after the movant has carried his burden of proof that the burden shifts to the non-movant to show that the entry of summary judgment is not appropriate. *See Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

---

6       The Recommendation of the Magistrate in *Simmons* is currently pending before the District Judge in that case and has not yet been ruled on.

Undertaking the foregoing analysis, the Court finds that Plaintiff has failed to adequately support his claim of entitlement to summary judgment.    The evidence he presented in connection with his initial motion for summary judgment consisted only of a "Declaration" regarding a prison form that notified him that a publication he had ordered was "being reviewed" by prison mailroom personnel before being delivered to him.    In support of his second-filed motion for summary judgment, Plaintiff presented evidence in the form of numerous offender mail requests and funds withdrawal requests, none of which were certified or otherwise authenticated, a memorandum regarding the revocation of his visitation privileges pursuant to a posted prison policy, three (3) disciplinary reports charged against him, and a copy of an unsworn ARP grievance.    This evidence does not establish his entitlement to relief in this case and does not establish that there are no material facts in dispute regarding his claims of failure to protect him from harm, retaliation, excessive force, falsification of records, violation of due process, denial of outdoor exercise, revocation of visitation privileges, deliberate medical indifference and mail tampering. Accordingly, the Court concludes that Plaintiff's Motions for Summary Judgment should be denied.

## **RECOMMENDATION**

It is recommended that Plaintiff's claims asserted against defendants Major Slater, E.M.T. Cleveland Cashio, E.M.T. M. Bordelon and David Ankenbrand be dismissed for failure of Plaintiff to serve these defendants within 120 days as mandated by Fed. R. Civ. P. 4(m).    It is further recommended that the Motion for Partial Summary Judgment of Defendants Leslie Dupont, Jimmy Smith and Chad Oubre (R. Doc. 37) be granted in part, dismissing Plaintiff's claims asserted against defendants Dupont, Smith and Oubre in their official capacities for monetary damages, and otherwise denied.    It is further recommended that Plaintiff's Motions for Summary Judgment (R.

Docs. 34 and 45) be denied and this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on August 24, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**